[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15682
Non-Argument Calendar

_____

D. C. Docket No. 04-00261-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVARIO HEREA-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 8, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Silvario Herea-Martinez appeals the 135-month sentence imposed

after being convicted of possession with intent to distribute cocaine on a vessel subject to United States jurisdiction, 46 App. U.S.C. § 1903(a), and conspiracy to possess with intent to distribute cocaine on a vessel subject to United States jurisdiction, 46 App. U.S.C. § 1903(a), (g), and (j). On appeal, Herea-Martinez argues that the district court erred in denying his request for a mitigating-role reduction. He argues that *United States v. DeVaron*, 175 F.3d 930 (11th Cir. 1999) (en banc), should be overturned with regard to drug couriers.

"[A] district court's determination of a defendant's role in the offense is a question of fact to be viewed under the clearly erroneous standard." *DeVaron*, 175 F.3d at 938.

Herea-Martinez asks this panel to revisit and overturn *DeVaron*; this we cannot do. This panel does not have the authority to overturn the decision of a prior panel, much less a prior *en banc* decision of this Court. *See Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997). Accordingly, we conclude that the district court did not clearly err, and we affirm Herea-Martinez's sentence.

**AFFIRMED.**